# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

EVERDRY MARKETING AND MANAGEMENT, INC.,

Plaintiff,

v.

DELVES & GIUFRE ENTERPRISES, INC. D/B/A NEVER-WET BASEMENT WATERPROOFING, NEIL DELVES, and KEVIN GIUFRE,

Defendants.

Civil Action No. 6:17-cv-06690

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Everdry Marketing and Management, Inc. ("Everdry") brings this action for patent infringement against Defendants Delves & Giufre Enterprises, Inc. d/b/a Never-Wet Basement Waterproofing ("Never Wet"), Neil Delves ("Delves"), and Kevin Giufre ("Giufre") (collectively "Defendants") and alleges as follows:

### THE PARTIES

1. Everdry is an Ohio corporation having a place of business located at 365 East Highland Road, Macedonia, Ohio 44056.

2. On information and belief, Never Wet is a New York corporation with a place of business at 1227 Ridgeway Avenue, Suite L, Rochester, New York 14615.

3. On information and belief, Delves is an individual with a place of business at 1227 Ridgeway Avenue, Suite L, Rochester, New York 14615.

4. On information and belief, Giufre is an individual with a place of business at 1227 Ridgeway Avenue, Suite L, Rochester, New York 14615.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction over this action under Title 28 U.S.C. § 1331 and § 1338(a).

7. This Court has personal jurisdiction over Defendants for at least the following reasons: (i) Defendants, on information and belief, have committed acts of patent infringement in this District, including by installing infringing systems to one or more customers in this District; (ii) Defendants, on information and belief, regularly do business, solicit business, and/or derive substantial revenue from products and services provided within this District, including products and services that infringe Everdry's patented technology; and (iii) Defendants have a place of business within this District, at 1227 Ridgeway Avenue, Suite L, Rochester, New York 14615.

8. Venue properly lies in this District under the provision of Title 28 U.S.C. § 1400 because, as described above, Never Wet is a New York corporation and Defendants have committed acts of patent infringement in this District, and Defendants have a regular and established place of business in this District.

## BACKGROUND

9. Founded over 30 years ago, Everdry is a leading franchisor in the basement waterproofing business. Everdry's waterproofing systems provide homeowners with a variety of benefits. For example, the Everdry Multi-Step® System is a complete solution that prevents water damage and keeps water from damaging a home's foundation.

10. On information and belief, Delves and Giufre are former employees of Everdry's franchisee in the Rochester, New York area, Everdry Waterproofing of Upstate New York

("Everdry of Upstate NY"). While employed by Everdry of Upstate NY, Delves and Giufre were trained to install Everdry's waterproofing systems, including the Everdry Multi-Step® System.

11. On information and belief, after voluntarily resigning from Everdry of Upstate NY, Delves and Giufre formed a new business under the name "Never Wet" to directly compete with Everdry in the basement waterproofing industry.

12. On July 17, 2014, Everdry's counsel sent Delves a letter reminding him of his legal obligations and restrictions in connection with his former employment with Everdry of Upstate NY.

13. On information and belief, despite being warned by Everdry's counsel to refrain from the unauthorized use of Everdry's patented technology, Everdry has learned that Delves, Guifre, and Never Wet have installed one or more waterproofing systems using Everdry's patented technology, as further alleged herein.

**COUNT I**
**(Infringement of the '144 Patent)**

14. The allegations of paragraphs 1-13 are re-alleged as if fully set forth herein.

15. On October 21, 2003, U.S. Patent No. 6,634,144 (the "'144 Patent") was duly and legally issued for a "Home waterproofing system." A copy of the '144 Patent is attached hereto as Exhibit A. Everdry is the owner of all right, title and interest in and to the '144 Patent. The '144 Patent is valid and enforceable.

16. For at least the reasons cited herein, Defendants' making, using, offering for sale, selling, and/or importing into the United States without authority of home waterproofing systems meets each and every element in at least claim 1 of the '144 Patent.

17. For example, on information and belief, Defendants have installed one or more waterproofing systems for draining water away from a building located in ground having a

surface above which a portion of the building extends, the building having a footer and at least one wall extending vertically from the footer, the system including: a first drain member located in a first trench provided in the ground outside the building, the first drain member extending adjacent at least a portion of the at least one wall (e.g., a trench and drain tile installed outside of a home and extending along the basement wall); and a membrane comprised of a first portion (e.g., waterproofing tar) secured to a second portion (e.g., heavy duty plastic), the first portion and second portion having different thicknesses, the first portion forming a liner (e.g., waterproofing tar) which lines at least a portion of the first trench to form a trough for capturing water flowing from the ground surface into the trench and for preventing water from flowing downwardly along the wall, the second portion (e.g., heavy duty plastic) being positioned adjacent an outer surface of the at least one wall along at least a portion of a height of the wall and extending toward the footer.

18. As a result of Defendants' direct infringement of the '144 Patent under 35 U.S.C. §271(a), literally or under the doctrine of equivalents, Everdry has suffered monetary damages and is entitled to damages adequate to compensate it for the infringement under 35 U.S.C. §284, but in no event less than a reasonable royalty.

19. On information and belief, Defendants' infringing conduct will continue, resulting in continuing irreparable harm to Everdry, unless enjoined by this Court.

20. Defendants had actual knowledge of Everdry's patented technology as a result of Delves's and Guifre's former employment with Everdry of Upstate NY, and therefore, on information and belief, Defendants are willfully infringing the '144 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Everdry requests that the Court enter a judgment in its favor and against Defendants on this Complaint and as follows:

A. permanently enjoining Defendants, their agents, servants, and employees, and all those in privity with it or in active concert and participation with Defendants, from engaging in acts of infringement of the patents-in-suit that are irreparably harming Everdry;

B. awarding Everdry past and future damages together with prejudgment interest and post-judgment interest to compensate for the infringement of the patents-in-suit in accordance with 35 U.S.C. § 284 and applicable law;

C. declare this case exceptional, pursuant to 35 U.S.C. § 285;

D. awarding Everdry its costs (including expert fees), disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court; and

E. granting such further relief as this Court deems to be just and proper.

## JURY DEMAND

Everdry hereby requests a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: October 4, 2017

Respectfully submitted,

BOND, SCHOENECK & KING PLLC

By: */s/ Jeremy P. Oczek*

Jeremy P. Oczek, Esq.
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7037
Email: jpoczek@bsk.com

Brian Laudadio, Esq.
350 Linden Oaks, Suite 310
Rochester, NY 14625-2825
Telephone: (585) 362-4717
Email: blaudadio@bsk.com

***COUNSEL FOR PLAINTIFF EVERDRY MARKETING AND MANAGEMENT, INC.***