UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

EVERDRY MARKETING AND
MANAGEMENT, INC.,

        Plaintiff,

v.

DELVES & GIUFRE ENTERPRISES, INC.,
*d/b/a Never-Wet Basement Waterproofing*,
NEIL DELVES, and KEVIN GIUFRE,

        Defendants.

___

**DECISION AND ORDER**

6:17-CV-06690 EAW

## INTRODUCTION

Plaintiff Everdry Marketing and Management, Inc. ("Plaintiff") commenced this action on October 4, 2017, alleging that Defendants Delves & Giufre Enterprises, Inc., d/b/a Never-Wet Basement Waterproofing ("Never-Wet"), Neil Delves ("Delves"), and Kevin Giufre ("Giufre") (collectively "Defendants") have infringed certain claims of United States Patent No. 6,634,144 (the "'144 Patent"), entitled "Home Waterproofing System" and issued on October 23, 2003. (Dkt. 1 at ¶ 15). According to Plaintiff, Defendants infringed the '144 Patent by "making, using, offering for sale, selling, and/or importing into the United States . . . home waterproofing systems [that] meet[] each and every element in at least claim 1" thereof. (*Id.* at ¶ 16).

Defendants deny infringing the '144 Patent and, on November 7, 2017, filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure

- 1 -

12(b)(6) for failure to state a claim. (Dkt. 10). That same day, Plaintiff filed, as of right, an Amended Complaint. (Dkt. 12). On November 20, 2017, Defendants filed a second motion seeking dismissal of the Amended Complaint. (Dkt. 13). For the reasons set forth below, Defendants' motions to dismiss (Dkt. 10; Dkt. 13) are denied.

## FACTUAL BACKGROUND

The following facts are taken from the Amended Complaint, the operative pleading in this matter. As required on a Rule 12(b)(6) motion, the Court treats these facts as true.

Plaintiff is a "leading franchisor in the basement waterproofing business," providing homeowners with waterproofing systems that prevent water damage and protect a home's foundation. (Dkt. 12 at ¶ 9). Plaintiff owns the '144 Patent, which issued on October 21, 2003, and describes "[a] waterproof system for draining water away from a building located in ground having a surface above which a portion of the building extends." (Dkt. 12-1 at 2).

Delves and Giufre are former employees of Everdry Waterproofing of Upstate New York ("Everdry Upstate"), Plaintiff's franchisee in the Rochester, New York area. (Dkt. 12 at ¶ 10). While employed by Everdry Upstate, Delves and Giufre were trained to install Plaintiff's waterproofing systems. (*Id.*). Delves and Giufre subsequently voluntarily resigned from Everdry Upstate and formed Never-Wet, which directly competes with Plaintiff in the basement waterproofing industry. (*Id.* at ¶ 11).

On July 17, 2014, Plaintiff's counsel sent a letter to Delves warning him to refrain from unauthorized use of Plaintiff's patented technology. (*Id.* at ¶¶ 12-13).

Notwithstanding this warning, Delves and Giufre, through Never-Wet, have installed one or more waterproofing systems using Plaintiff's patented technology. (*Id.* at ¶ 13). Specifically, Defendants have installed waterproofing systems that meet each and every element of at least claim 1 of the '144 Patent. (*Id.* at ¶ 16).

Claim 1 of the '144 Patent claims "[a] waterproofing system for draining water away from a building located in ground having a surface above which a portion of the building extends the building having a footer and at least one wall extending vertically from said footer. . . ." (Dkt. 12-1 at 10). The claimed system comprises:

> a first drain member located in a first trench provided in the ground outside the building, said first drain member extending adjacent at least a portion of said at least one wall; and a membrane comprised of a first portion secured to a second portion, said first portion and second portion having different thicknesses, said first portion forming a liner which lines at least a portion of said first trench to form a trough for capturing water flowing from the ground surface into said trench and for preventing water from flowing downwardly along said wall, said second portion being positioned adjacent an outer surface of said at least one wall along at least a portion of a height of said wall and extending toward said footer.

(*Id.*).

Plaintiff alleges that the waterproofing system sold by Never-Wet meets each and every element of claim 1 of the '144 Patent, and that Defendants have therefore infringed the patent. Specifically, Plaintiff alleges that Never-Wet's waterproofing systems include a trench and drain tile installed outside of a home and extending along the basement wall. (Dkt. 12 at ¶ 17). Plaintiff further alleges that Never-Wet's waterproofing system uses a membrane comprised of two portions (with the first portion being waterproofing tar and the second portion being heavy duty plastic), that the two portions have different

thicknesses, and that the first portion (the waterproofing tar) lines at least a portion of the first trench to form a trough for capturing water flowing from the ground surface into the trench and for preventing water from flowing downwardly along the wall. (*Id.*). Based on Delves and Giufre's former employment by Everdry Upstate and knowledge of the '144 Patent, Plaintiff contends that their infringement was willful. (*Id.* at ¶ 20).

## DISCUSSION

### I. Legal Standard

In considering a Rule 12(b)(6) motion to dismiss, a court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (citation omitted). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("The plausibility standard is not akin to a probability requirement. . . . A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is

improbable, and that a recovery is very remote and unlikely." (internal quotation marks and citations omitted)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration and citations omitted). Thus, "at a bare minimum, the operative standard requires the plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal quotation marks and alteration omitted).

## II. Defendants' First Motion to Dismiss is Denied as Moot

As set forth above, Defendants initially moved to dismiss the Complaint on November 17, 2017, and Plaintiff thereafter filed an Amended Complaint as of right. "When a plaintiff amends its complaint while a motion to dismiss is pending the court may den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint." *Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) (internal quotation omitted and alterations in original); *see also McIntyre v. City of Rochester*, 228 F. Supp. 3d 241, 242 (W.D.N.Y. 2017) ("[T]he filing of the amended complaint moots the motion to dismiss the original complaint."). In this case, because Defendants have filed a second motion to dismiss that directly addresses the Amended Complaint, the Court finds it appropriate to deny the first motion to dismiss as moot.

### III. Defendants' Motion to Dismiss the Amended Complaint Asks the Court to Engage in Premature Claim Construction and is Denied

Defendants seek dismissal of the Amended Complaint, contending that the factual allegations therein conclusively demonstrate that the '144 Patent has not been infringed. In particular, Defendants argue as follows: (1) the layer of waterproofing tar they use as an adhesive to attach heavy duty plastic to the foundation wall is not a "membrane" as that term is used in claim 1 of the '144 Patent; and (2) even if the layer of waterproofing tar is considered a "membrane," it does not "form a trough for capturing water flowing from the ground surface into the trench and preventing water from flowing downwardly along the wall." (Dkt. 13-1 at 5-11). For the reasons discussed below, the Court finds that Defendants' motion to dismiss asks the Court to construe contested claim terms and is therefore unsuited for resolution at this point of the proceedings.

> The[re] are two elements of a simple patent case, construing the patent and determining whether infringement occurred. . . . The first is a question of law, to be determined by the court, construing the letters-patent, and the description of the invention and specification of claim annexed to them. The second is a question of fact, to be submitted to a jury.

*Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384 (1996) (quotation omitted).

> In construing [patent] claims, the analytical focus must begin and remain centered on the language of the claims themselves, for it is that language that the patentee chose to use to particularly point [ ] out and distinctly claim[ ] the subject matter which the patentee regards as his invention. The words used in the claims are examined through the viewing glass of a person skilled in the art. In the absence of an express intent to impart a novel meaning to the claim terms, the words are presumed to take on the ordinary and customary meanings attributed to them by those of ordinary skill in the art.

*Brookhill-Wilk 1, LLC. v. Intuitive Surgical, Inc.*, 334 F.3d 1294, 1298 (Fed. Cir. 2003) (quotation and citations omitted). "To ascertain the scope and meaning of the asserted claims, [a court] look[s] to the words of the claims themselves, the specification, the prosecution history, and any relevant extrinsic evidence." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1217-18 (Fed. Cir. 2014).

This District, like many others, has adopted local patent rules that set forth an orderly process for construing a patent claim. In particular, Local Patent Rule 4 provides for the conduct of claim construction discovery and sets time frames in which proposed terms for construction must be exchanged, as well as for the exchange of proposed preliminary claim constructions and relevant extrinsic evidence. Local Patent Rule 4 also provides for conduct of a "Claim Construction Hearing," typically referred to as a *Markman* hearing. These procedures have been adopted to, among other reasons, ensure that the record for claim construction is properly developed.

"As suggested by the law governing claim construction analysis, the necessary inquiries are of the kind not appropriate for the motion to dismiss stage." *Tech. Patents, LLC v. Deutsche Telekom AG*, 573 F. Supp. 2d 903, 920 (D. Md. 2008), *aff'd sub nom. Tech. Patents LLC v. T-Mobile (UK) Ltd.*, 700 F.3d 482 (Fed. Cir. 2012); *see also In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 695 F. Supp. 2d 680, 684 (S.D. Ohio 2010) (noting that claim construction questions are "premature" on a motion to dismiss). When a party asks the Court to perform claim construction on a motion to dismiss, it circumvents the orderly process set forth in the Local Patent Rules and invites

the Court to make a decision on an incomplete record. *See Deston Therapeutics LLC v. Trigen Labs. Inc.*, 723 F. Supp. 2d 665, 670 (D. Del. 2010) ("[T]he complaint and the patents' language are necessary but insufficient components of the record for claim construction."). Accordingly, federal courts across the country routinely decline to construe patent claims on a motion to dismiss because "the process for properly construing a patent claim is unsuited for a motion to dismiss." *Id.* (collecting cases).

As the court in *Deston Therapeutics* noted, while there may be a theoretical "patent infringement cause of action for which patent claims could be construed on a motion to dismiss, . . . this not such a case." *Id.* at 671. Both of the arguments made by Defendants would require the Court to construe disputed patent terms. First, with respect to Defendants' argument that the waterproofing tar used in their system does not "form a liner which lines at least a portion of the first trench to form a trough," the Court cannot resolve this dispute without construing whether, as Defendants claim, the waterproofing tar must form the entirety of the trough, or if, as Plaintiff argues, it is sufficient that the waterproofing tar (considered alone or in combination with the heavy duty plastic) form a portion of the trough. While Defendants argue that Plaintiff's reading of this element of claim 1 of the '144 Patent is "tortured" (*see* Dkt. 16 at 6), the Court is not persuaded that it is so unreasonable as to be amenable to rejection on a motion to dismiss. Defendants' argument relies heavily on the drawing sheets included in the '144 Patent. However, it is well-established that "the mere fact that the patent drawings depict a particular embodiment of the patent does not operate to limit the claims to that specific configuration." *Prima Tek*

*II, L.L.C. v. Polypap, S.A.R.L.*, 318 F.3d 1143, 1148 (Fed. Cir. 2003). Defendants have not demonstrated that this dispute over the scope of claim 1 of the '144 is so clear that the Court can determine it on a motion to dismiss.

Second, Defendants' argument that waterproofing tar cannot constitute a membrane is a quintessential issue of claim construction. As Plaintiff points out, the term membrane is generally defined as a "thin, flexible layer or material designed to separate, filter, etc." (Dkt. 15 at 12 (quoting *Collins English Dictionary*, https://www.collinsdictionary.com/us/dictionary/english/membrane)).[1] On its face, a layer of waterproofing tar plausibly falls within this definition. While Defendants are free to argue for a different definition of "membrane" through the claim construction process, it would be premature for the Court to construe that patent term at this initial stage of the proceedings, with nothing before it but the patent and the Amended Complaint.

In sum, resolution of Defendants' claim construction arguments (which are integral to their motion to dismiss) would be inappropriate at this stage of the proceedings, because the record is not adequately developed. Accordingly, the Court denies Defendants' motion to dismiss the Amended Complaint.

---

[1] Defendants contend that it is not proper to refer to a dictionary on a motion to dismiss. To the contrary, "[c]ourts may take judicial notice of facts of universal notoriety, which need not be proved, and of whatever is generally known within their jurisdictions," and "[t]o that end, dictionaries and encyclopedia may be consulted." *B.V.D. Licensing Corp. v. Body Action Design, Inc.*, 846 F.2d 727, 728 (Fed. Cir. 1988). The Court therefore takes judicial notice of the dictionary definition of "membrane."

## **CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss (Dkt. 10; Dkt. 13) are denied.

SO ORDERED.

                                                ELIZABETH A. WOLFORD
                                                United States District Judge

Dated:      August 3, 2018
             Rochester, New York